UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE BOYLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1792 HEA |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will deny and dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Pretrial detainee, Antoine Boyle, petitions the Court for a writ of habeas corpus pursuant to § 2241, seeking his immediate release from custody on sovereign immunity grounds.[1]

---

[1]Although petitioner filed the instant action under 42 U.S.C. § 1983, it is apparent that petitioner is bringing this action seeking release from custody as a pretrial detainee. Accordingly, the proper characterization of the instant action is through habeas corpus, pursuant to 28 U.S.C. § 2241. See, e.g., Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.)("[p]re-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261–62 (11th Cir.2004) ("because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241"), cert. denied, 543 U.S. 1051 (2005); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D. Wis. 1999) ("[p]rejudgment

Petitioner maintains that he is immune from prosecution for violating any federal or state law because, as a free Sovereign Moorish-American national of North American Indigenous and Aboriginal Moors of the Ancient Moroccan Empire born in America, he is not a subject to the State, nor federal jurisdiction of the United States. Despite his representations that he was born in the United States and that his lawful domicile is in Missouri, he contrarily asserts that he is under the jurisdiction of the Moorish Nation, and submissive only to the Moorish Holy Temple of Science - Free Moorish-American Zodiac Constitution. Thus, he believes that when he was taken into custody, he was "kidnapped" (unlawfully arrested) and being held hostage by public servants of the United States of America.

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006) (citation and internal quotation marks omitted) (emphasis in original). In examining the petition, supporting

---

habeas relief is available ... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98–0040 CRB (PR), (N.D.Cal.1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

papers, and exhibits with the requisite liberality, "if it plainly appears" that "petitioner is not entitled to relief in the district court," the Court "must dismiss the petition" pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as made applicable to § 2241 habeas petitions by Rule 1(b) thereof.

Fatal to petitioner's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Benton-El v. Odom, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); Osiris v. Brown, 2005 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 1988: see also, We the People Beys and Els v. State of New York, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Petitioner cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir.1984). Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.

Although petitioner does not claim to have made a formal renunciation of nationality, it is of no import. Those who have voluntarily relinquished their citizenship, like other aliens, must obey the federal and applicable state laws, just as native-born and naturalized citizens are required to do. See Khattab, supra; Osiris, supra; see also, Thorton-Bey v. United States, 2009 WL 203502, at *2 (N.D.U1. Jan.

26, 2009); Howell-El v. United States, 2006 WL 3076412, at *3 (S.D.Ill. Oct. 27, 2006).

As such, the petition will be denied and dismissed. Additionally, as petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall be charged the $5 filing fee for filing a Section 2241 petition.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of October, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE